UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re<br><br>CECILIA K. CERVANTES,<br><br>         Lawyer. | No. 2:16-MC-0040-TOR<br><br>ORDER VACATING ORDER OF DISBARMENT AND STRIKING OFF THE ROLL |

BEFORE THE COURT is former attorney Cecilia K. Cervantes' Motion for Order to Vacate Order to Show Cause and Order for Disbarment. ECF No. 5. Contrary to Local Rule, in her letter to the Clerk of Court and not in her pleadings, Cecilia K. Cervantes requests a hearing, without any explanation as to the reason for a hearing. ECF No. 5-5. Cecilia K. Cervantes then submitted a Second Memorandum in Support of Motion to Vacate Show Cause Order and Disbarment Order. ECF No. 6. Neither is properly noted for hearing before the Court. The Court has reviewed the briefing and the record and files herein, is fully informed, and declines to hold a hearing. LR 7.1(h)(3)(B)(iv).

//

ORDER VACATING ORDER OF DISBARMENT AND STRIKING OFF THE ROLL ~ 1

**BACKGROUND**

On September 23, 2016, Attorney Cecilia K. Cervantes resigned from membership in the Washington State Bar Association. ECF No. 1 at 3-6. On September 28, 2016, the Washington State Bar Association entered a Notice of Resignation in Lieu of Discipline for Cecilia K. Cervantes. ECF No. 1 at 1. On September 29, 2016, pursuant to LR 83.3(d), this Court entered an Order to Show Cause why Cecilia K. Cervantes should not be disbarred from the practice of law in this Court. ECF No. 2.

On October 6, 2016, the Court received a letter from Cecilia K. Cervantes announcing her "Resignation from the Washington State Bar" and stating that she "will no longer be available to represent the interests any (sic) parties . . ." ECF No. 3. The letter is dated September 22, 2016, but Cecilia K. Cervantes testified that she prepared and forwarded this via U.S. Mail on October 3, 2016. ECF No. 6 at 8. Further, she testified the letter was emailed to the court on October 4, 2016. ECF No. 6 at 8, 14.

On October 6, 2016, the Court entered an Order of Disbarment pursuant to Cecilia K. Cervantes' resignation in Lieu of Discipline from membership in the Washington State Bar Association. ECF No. 4.

Cecilia K. Cervantes moves to vacate the Order to Show Cause for three reasons: (1) "No due process" as she claims she did not receive service by ECF; (2)

ORDER VACATING ORDER OF DISBARMENT AND STRIKING OFF THE ROLL ~ 2

she advised the Court that she resigned from the Washington State Bar, so no further action was warranted; and (3) she was disbarred before the 28-days to respond had expired. ECF No. 5 at 2.

Cecilia K. Cervantes also moves to vacate the Order of Disbarment for three reasons: (1) "No due process" as she claims she did not receive service by ECF; (2) the Court made an error by not providing 28-days to respond; and (3) the Local Rule 83.3 does not support disbarment where she resigned. ECF No. 5 at 2-3.

## DISCUSSION

Cecilia K. Cervantes contends that there was "[n]o due process" as she claims she did not receive service by ECF. Due process does not require that a property owner receive actual notice before the government may take property. *Jones v. Flowers*, 547 U.S. 220, 226 (2006). Rather, the Supreme Court has stated that due process requires the government to provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Here, Cecilia K. Cervantes previously provided an email address and consented to receive notice through the Court's Electronic Case Filing (ECF) system. The file reflects that service of the Show Cause Order and Order of Disbarment were served on her using this system. But that is not the end of the

ORDER VACATING ORDER OF DISBARMENT AND STRIKING OFF THE ROLL ~ 3

matter.  The Supreme Court requires that "when notice is a person's due . . . [t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it[]"  *Jones v. Flowers*, 547 U.S. at 229 (quoting *Mullane*, 339 U.S. at 315).  That is precisely what the Clerk of Court did in this case.  As the certificates of service show, service was effectuated by two forms; ECF and simultaneous service by First Class Mail.  Cecilia K. Cervantes admits she received the pleadings by at least one form of service, the U.S. Mail, albeit according to her, late, but not beyond the time to respond.  Due process requires nothing more.

      Next, Cecilia K. Cervantes claims there was no reason to enter an order to show cause.  The Court disagrees.  Local Rule 83.3 provides, in part:

> When this Court learns that a member of the bar of this Court has been disbarred or suspended from the practice of law by any court or resigns during the pendency of disciplinary proceedings, the clerk of this Court shall issue an order to show cause why the attorney should not be disbarred or suspended from practice in this Court.

Local Rule 83.3(c).  On September 28, 2016, the Washington State Bar Association notified this Court that Cecilia K. Cervantes had resigned in lieu of discipline. ECF No. 1.  Accordingly, the Order to Show Cause issued by the Clerk of Court was both appropriate and justified.  No error has been shown.

      Cecilia K. Cervantes next argues that the Order to Show Cause should be vacated because she was disbarred before the 28-days for her to respond had

ORDER VACATING ORDER OF DISBARMENT AND STRIKING OFF THE ROLL ~ 4

expired. One can easily see from the chronology of events that the Court entered the disbarment order after it received what it believed was Cecilia K. Cervantes' response to the Order to Show Cause. Cecilia K. Cervantes has now explained that her letter dated September 22, 2016, received and filed by the Clerk of Court on October 6, 2016, was not her response to the Order to Show Cause.

Cecilia K. Cervantes also contends that she should not be disbarred as a result of her resignation from the Washington State Bar Association. She explains that she wrote the letter to this court "with the intention to inform . . . that I intended to resign from the Federal Bar to be effective immediately, as I had resigned from the Washington State Bar." ECF No. 6 at 10. She further explains that she fought the baseless grievances from 2012 to 2016, but ultimately decided to resign. *See id.* Her letter does not communicate a resignation from the rolls of practicing attorneys before this Court.

Accepting Cecilia K. Cervantes explanation that her letter was not sent in response to the Order to Show Cause and in light of her resignation from the Washington State Bar Association and now stated "intention" to resign from this bar, the Court's Order of Disbarment will be vacated.

**ACCORDINGLY, IT IS ORDERED:**

1. The Motion for Order to Vacate Order to Show Cause and Order for Disbarment, ECF No. 5, is **DENIED in part and GRANTED in part**.

ORDER VACATING ORDER OF DISBARMENT AND STRIKING OFF THE ROLL ~ 5

2. The Court's Order of Disbarment (ECF No. 4) is **VACATED**.

3. Pursuant to her Resignation in Lieu of Discipline from membership in the Washington State Bar Association, Cecilia K. Cervantes is hereby stricken from the roll of attorneys privileged to practice law before this Court.

4. Cecilia K. Cervantes shall no longer practice law in the United States District Court for the Eastern District of Washington, effective this date.

The District Court Executive is directed to send a copy of this Order to Cecilia K. Cervantes at her address of record and **CLOSE** the file.

**DATED** November 10, 2016.



THOMAS O. RICE
Chief United States District Judge

ORDER VACATING ORDER OF DISBARMENT AND STRIKING OFF THE ROLL ~ 6

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing using the following methods on November 10, 2016

☒   First Class mail to the last known address:

Cecilia K. Cervantes
PO Box 1437
Ephrata, WA 98823-1437

Signature: *Cora Vargas*

Date: November 10, 2016

ORDER VACATING ORDER OF DISBARMENT AND STRIKING OFF THE ROLL ~ 7